UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-80446-CIV-COHN/SELTZER

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

vs.

ECAREER HOLDINGS, INC.;
ECAREER, INC.; JOSEPH J. AZZATA;
DEAN A. ESPOSITO; JOSEPH DEVITO, and
FREDERICK J. BIRKS,

    Defendants,

VIPER ASSET MANAGEMENT, LLC;
ESPO CONSULTING, LLC;
DJC CONSULTING, LLC;
J & D MARKETING, LLC;
GRYPHON ASSET MANAGEMENT, LLC, and
CARLA AZZATA,

    Relief Defendants.
_____/

**FINAL JUDGMENT AGAINST DEFENDANT JOSEPH J. AZZATA**

**THIS CAUSE** is before the Court upon Plaintiff Securities and Exchange Commission's ("Commission") Motion for Entry of a Final Judgment against Defendant Joseph J. Azzata ("Azzata") ("Motion") [DE 174]. The Court has reviewed the Motion, the record in this case, and is otherwise advised in the premises. The Court notes that Azzata has, without admitting or denying the allegations in the Amended Complaint (other than to admit this Court's jurisdiction over him and over the subject matter of this action), entered a general appearance, consented to entry of a final judgment against

him, waived findings of fact and conclusions of law, and waived any right to appeal from the final judgment. [DE 174-1.]

It is thereupon **ORDERED AND ADJUDGED** that the Motion [DE 174] is **GRANTED** and **FINAL JUDGMENT** is hereby entered, as set forth below:

1. Azzata shall satisfy the disgorgement, prejudgment interest, and civil penalty due to the Commission—as set forth in Azzata's Consent [DE 174-1]—within 14 days of entry of this Final Judgment by making payments to the Court appointed Receiver in this matter, unless the Receiver has been discharged. In that case, Azzata shall pay the above referenced payments to the Commission.

    a. If payments are made to the Receiver, Azzata shall request payment instructions from the Receiver. The Receiver shall hold all funds he receives from Azzata in a segregated account and shall periodically report to the Court the amount of funds he has received. When making payment, Azzata shall also simultaneously transmit photocopies of evidence of payment and case identifying information to Christopher E. Martin, Esq., the Commission's counsel in this action.

    b. If payments are made to the Commission, Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States

postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Joseph J. Azzata as a defendant in this action; and specifying that payment is made pursuant to this final judgment.

2. By making payment to the Receiver or the Commission, Azzata relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him. Moreover, Azzata shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount paid pursuant to this Final Judgment, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors. Azzata further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts he pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

3. The Commission along with the Receiver may propose a plan to distribute the Funds subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Funds.

4. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through any other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Azzata shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

5. The Asset Freeze this Court previously entered against Azzata [DE 37; DE 108-109] shall be lifted and extinguished in its entirety.

6. Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Azzata, and further, any debt for disgorgement, prejudgment interest, or civil penalty or other amounts due by Azzata under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Azzata of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

7. Azzata's Consent [DE 174-1] is incorporated herein with the same force and effect as if fully set forth herein, and Azzata shall comply with all of the undertakings and agreements set forth therein.

8. This Court shall retain jurisdiction over this matter, Azzata, and the previous Judgment of Permanent Injunction and Other Relief entered against Azzata [DE 108-09] (the permanent injunctive relief entered in that order remains in full force and effect), in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

9. The Clerk of Court is directed to **CLOSE** this case and **DENY as moot** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of August, 2018.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* parties via U.S. Mail